Filed 4/27/21  P. v. Jefferson CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>　　　Plaintiff and Respondent,<br><br>　　　v.<br><br>TYRECE JEFFERSON,<br><br>　　　Defendant and Appellant. | F080680<br><br>(Super. Ct. No. F15907389)<br><br><br>**OPINION** |

### THE COURT*

APPEAL from a judgment of the Superior Court of Fresno County.  Arlan L. Harrell, Judge.

Allen G. Weinberg, under appointment by the Court of Appeal, Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

\*　　　Before Poochigian, Acting P.J., Peña, J. and De Santos, J.

Appointed counsel for appellant Tyrece Jefferson asked this court to review the record to determine whether there are any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436.) Jefferson was advised of his right to file a supplemental brief within 30 days of the date of filing of the opening brief. This court did not receive a supplemental brief from him. Finding no arguable error that would result in a disposition more favorable to Jefferson, we affirm.

## BACKGROUND

On August 15, 2016, following a jury trial, Jefferson was convicted of second degree attempted robbery (Pen. Code,[1] §§ 664, 211, count 1), assault with a semiautomatic firearm (§ 245, subd. (b), count 2), and possession of a firearm by a felon (§ 29800, subd. (a)(1), count 3). In addition, multiple enhancements alleged as to counts 1 and 2 were found true, as were prior strike allegations.

On October 7, 2016, Jefferson was sentenced. The trial court denied Jefferson's motion to strike his prior strike convictions under *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497. As to count 1, the trial court imposed a sentence of 25 years to life. In addition, the court imposed a 10-year sentence for a firearm use enhancement (§ 12022.53, subd. (b)) attached to this count, and a five-year enhancement for the prior serious felony conviction (§ 667, subd. (a)(1)), for a total determinate term of 15 years. With respect to count 2, the court imposed a sentence of 27 years to life. In addition, the court imposed a 10-year sentence for a firearm use enhancement (§ 12022.5), and a five-year enhancement for a prior serious felony conviction (§ 667, subd. (a)(1)), for a total determinate term of 15 years. Finally, the court ran the sentences on counts 1 and 2 consecutive to one another.

---

[1] All further undefined statutory citations are to the Penal Code unless otherwise indicated.

Jefferson was sentenced to an aggregate term of 52 years to life in state prison, and a determinate term of 30 years.

On August 6, 2019, in *People v. Jefferson* (2019) 38 Cal.App.5th 399, this court found sentencing error and remanded Jefferson's case back to the superior court. This court ordered the trial court to determine whether the sentences on counts 1 and 2 should be imposed consecutively or concurrently, and to determine whether enhancements attached to counts 1 and 2 for the personal use of a firearm and for Jefferson's prior serious felony convictions, should be stricken pursuant to Senate Bill Nos. 620 (2017-2018 Reg. Sess.) and 1393 (2017-2018 Reg. Sess.), respectively.

On January 17, 2020, the trial court resentenced Jefferson. The court ran the sentences on counts 1 and 2 concurrent to one another, it declined to strike the gun use enhancements attached to both counts, it struck punishment on all of the prior serious felony enhancements (§ 667, subd. (a)(1)) and on the prior prison term enhancement (§ 667.5, subd. (a)). Jefferson was resentenced to a total determinate prison term of 10 years, plus an indeterminate term of 27 years to life.

On January 22, 2020, Jefferson filed a timely notice of appeal.

On February 11, 2020, Jefferson filed a letter with the superior court stating he disagreed with the court's decision not to strike the firearm use enhancements attached to his sentence. Jefferson further alleged he had received ineffective assistance of counsel by his trial attorney.

After reviewing the record, we find no arguable error on appeal that would result in a disposition more favorable to Jefferson.

## DISPOSITION

The judgment is affirmed.